IN THE UNITED STATES DISTRICT COURT FOR
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| REGINALD BONNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:17-cv-01586 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| UNITED PARCEL SERVICE, INC., et al., | ) MAGISTRATE JUDGE HOLMES |
| | ) |
| Defendants. | ) |

**MEMORADUM OPINION**

Pending before the Court are Defendant National Diagnostics, Inc., ("NDI")'s Motion to Dismiss under Rules 12(b)(2) and 12(b)(6) (Doc. No. 13), and Defendant United Parcel Service, Inc., ("UPS")'s Motion to Dismiss under Rule 12(b)(6). (Doc. No. 16). Plaintiff filed a response in opposition to the motions (Doc. No. 23), and Defendants replied (Doc. Nos. 24, 25).[1] For the reasons discussed below, Defendants' motions to dismiss are **GRANTED** in part and **DENIED** in part.

## I.  FACTUAL BACKGROUND

Plaintiff alleges he is a third-party beneficiary of a Substance Abuse Testing Services Agreement (the "Contract") between NDI and United Parcel Service OASIS Supply Corporation ("Oasis"),[2] pursuant to which NDI was to perform drug testing of UPS employees.[3] (Doc. No. 1).

---

[1] Neither Defendant sought leave to file a reply as required by L.R. 7.01(b). However, because Plaintiff did not file a motion to strike or otherwise object to Defendants' replies, and because the Court finds the replies useful, the Court will consider them for purposes of the pending motions to dismiss.

[2] Defendant UPS is not a party to the Contract. (Doc. No. 12).

[3] Plaintiff did not attach the Contract to his Complaint, but NDI filed the Contract in support of its motion to dismiss. (Doc. No. 12). The Court will consider the Contract for purposes of the pending motions to dismiss because it is referenced in Plaintiff's Complaint and is central to Plaintiff's breach of contract and conspiracy to breach contract claims. *See M.S. by Covington v. Hamilton Cty. Dep't of Educ.,* 2017 WL 4364408, at *3 (E.D.

Plaintiff contends he was terminated from his employment with UPS as a tractor trailer driver in April 2013 after he was drug tested by NDI pursuant to the Contract and the results returned a false positive for cocaine. (*Id.*). Plaintiff alleges the false positive test result occurred because of Defendants' failure to adhere to proper testing procedures and this failure coupled with Plaintiff's employment termination, constitute a breach of the Contract. (*Id.*). Plaintiff filed suit in this Court on the basis of diversity jurisdiction, alleging breach of contract and conspiracy to breach contract claims against Defendants. (*Id.*).

## II. STANDARDS OF REVIEW

### A. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6), permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft,* 556 U.S. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. Plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of

---

Tenn. Sept. 29, 2017) ("Where a document is referred to in the complaint and is central to the plaintiff's claim but not attached or incorporated by reference in the complaint, the defendant may submit the document to be considered with the motion to dismiss and such consideration does not convert the motion to dismiss to a motion for summary judgment.").

a cause of action" to establish the plausibility required to "unlock the doors of discovery." *Id.* at 678.

### B. Rule 12(b)(2)

When a defendant challenges personal jurisdiction under Rule 12(b)(2), the plaintiff has the burden of establishing the existence of jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). If the court rules on a 12(b)(2) motion without conducting an evidentiary hearing, then the plaintiff need only make out a *prima facie* case for jurisdiction. *Kelly v. Int'l Capital Res., Inc.*, 231 F.R.D. 502, 509 (M.D. Tenn. 2005) (citing *CompuServe, Inc. v. Patterson,* 89 F.3d 1257, 1262 (6th Cir. 1996)). In such an instance, the pleadings and affidavits are considered in the light most favorable to the plaintiff, and the Court does not consider or weigh the controverting assertions of the defendant. *Id.* "Dismissal . . . is proper only if all the specific facts which the plaintiff [ ] alleges collectively fail to state a *prima facie* case for jurisdiction." *Id.* (quoting *CompuServe*, 89 F. 3d at 1262).

### III. ANALYSIS

Both NDI and UPS seek dismissal of Plaintiff's action for failure to state a claim under Rule 12(b)(6). NDI also seeks dismissal for lack of personal jurisdiction under Rule 12(b)(2). The Court must first consider NDI's motion to dismiss for lack of personal jurisdiction. *See, e.g.*, *Forras v. Rauf*, 812 F. 3d 1102, 1105 (D.C. Cir. 2016) ("[D]etermining jurisdiction is a federal court's first order of business.").

### A. NDI's 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction

NDI argues the Court should dismiss this action because it lacks both specific and general jurisdiction over NDI. Plaintiff argues in response that the Court has both specific and general jurisdiction over NDI.

To exercise personal jurisdiction in a diversity case, a federal court must have authorization under the state's long arm statute and must not run afoul of constitutional due process protections. *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000). "Tennessee's long-arm statute has been interpreted to be 'coterminous with the limits on personal jurisdiction imposed' by the Due Process Clause of the United States Constitution, and thus, 'the jurisdictional limits of Tennessee law and of federal constitutional law of due process are identical.'" *Intera Corp. v. Henderson*, 428 F.3d 605, 616 (6th Cir. 2005). Therefore, the Court need only address whether exercising personal jurisdiction over NDI is consistent with federal due process requirements. *Id.*

A court's assertion of personal jurisdiction over a defendant does not violate due process if the defendant has purposefully established "minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940)). Purposeful availment of the forum state's benefits and protections is required to satisfy the minimum contacts requirement. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985). "This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Id.*

Personal jurisdiction can be either general or specific. *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003). General jurisdiction is present when a defendant's contacts with the forum state are "substantial" and "continuous and systematic," such that a state may exercise personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum. *Youn,* 324 F.3d at 418. Specific jurisdiction is proper when the claims in the case arise from or are related to the defendant's contacts with the forum state. *Intera Corp.,* 428 F.3d at 615.

In *Southern Machine Co. v. Mohasco Industries, Inc.,* the Sixth Circuit established a three-prong test to determine whether specific jurisdiction exists and to ensure the exercise of jurisdiction does not violate a defendant's due process rights. 401 F.2d 374, 381 (6th Cir. 1968); *Youn*, 324 F.3d at 418. It provides: (1) the defendant must purposefully avail itself of the privilege of acting or causing a consequence in the forum state; (2) the cause of action must arise from the defendant's activities there; and (3) the acts or consequences of the defendant must have a substantial connection to the forum state so as to make the exercise of jurisdiction reasonable. *Southern Machine,* 401 F.2d at 381.

The Court finds the actions of NDI, as set forth in the pleadings and the declaration of Todd Simo, M.D., establish specific jurisdiction exists because NDI's contacts with Tennessee meet the *Southern Machine* test. As to the first prong, NDI has purposefully availed itself of the privilege of conducting business in Tennessee. NDI negotiated a contract in which it employed the use of 629 collection sites in Tennessee. While these collection cites did not test specimens, the sites collected specimens at NDI's request and shipped them to independent laboratories outside the state. Moreover, NDI generated revenue from the specimens it collected in Tennessee. NDI's use of the 629 collection sites in Tennessee clearly was pre-planned and deliberate, not random or fortuitous.

The second prong of the *Southern Machine* test requires that the cause of action arise from NDI's activities in the forum state. "If a defendant's contacts with the forum state are related to the operative facts of the controversy, then an action will be deemed to have arisen from those contacts." *CompuServe, Inc. v. Patterson,* 89 F.3d 1257, 1267 (6th Cir. 1996); *Bird v. Parsons,* 289 F.3d 865, 875 (6th Cir.2002). While this does not require the cause of action to arise directly from defendant's contacts with the forum, the cause of action must still 'have a substantial connection

with the defendant's in-state activities." *Third Nat'l Bank in Nashville v. Wedge Group, Inc.,* 882 F.2d 1087, 1091 (6th Cir. 1989). "Only when the operative facts of the controversy are not related to the defendant's contact with the state can it be said that the cause of action does not arise from that [contact]." *Southern Machine,* 401 F.2d at 384 n.29.

Plaintiff's breach of contract action stems from the results of an alleged false positive drug test that was taken by NDI in Tennessee. Viewing the evidence in the light most favorable to Plaintiff, the Court finds Plaintiff's breach of contract action has a substantial connection to NDI's activities in Tennessee by operating its 629 collection sites. Presumably, Plaintiff's urine sample was taken and collected by one of NDI's 629 Tennessee collection sites, and was shipped to another location for analysis, resulting in the false positive that is the basis of Plaintiff's complaint. Thus, Plaintiff's cause of action arises at least in part from NDI's activities in Tennessee.

The final *Southern Machine* factor asks whether the acts or consequences of the defendant have enough of a substantial connection to the forum state so as to make the exercise of jurisdiction reasonable. *Kelly*, 231 F.R.D. at 512. In determining reasonableness, the Sixth Circuit evaluates: (1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states' interest in securing the most efficient resolution of the controversy. *Intera Corp.,* 428 F.3d at 618. "If the first two [*Southern Machine*] requirements are met, an inference arises that the third factor is also satisfied." Kelly, 231 F.R.D. at 513. Because the first two *Southern Machine* requirements have been satisfied, and because none of the reasonableness factors the Court is directed to consider weigh against the presumption jurisdiction over NDI is reasonable, the Court finds the third Southern Machine factor is satisfied. *See Id.*

The Court finds each of the *Southern Machine* factors are satisfied, and Plaintiff has met his burden of establishing a *prima facie* case of specific personal jurisdiction.[4] Accordingly, NDI's Rule 12(b)(2) motion to dismiss is **DENIED**.

**B.     Defendants' 12(b)(6) Motions to Dismiss for Failure to State a Claim**

Plaintiff's breach of contract case is premised on the theory that he is an intended third party beneficiary of a contract between NDI and UPS. Defendants argue in their respective motions to dismiss that Plaintiff's case should be dismissed for failure to state a claim because Plaintiff is not an intended third party beneficiary of the Contract, and therefore has no standing to sue as a third-party beneficiary. Even if Plaintiff had adequately pled he was a third party beneficiary, Defendants argue he has failed to specify any term in the Contract that was allegedly breached by NDI. Additionally, UPS notes it is not the proper party to the Contract.

The general rule is that only parties to a contract may sue for its breach. *Smith v. Chattanooga Medical Investors, Inc.*, 62 S.W.3d 178, 185 (Tenn. Ct. App. 2001). However, Tennessee law recognizes two kinds of third-party beneficiaries to contracts: intended and incidental. *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1356 (6th Cir. 1991); *Goodman v. Park Place Securities, Inc.*, 2013 WL 8508580, at *3 (M.D. Tenn. Feb. 26, 2013). If a party is an intended third-party beneficiary to a contract, he may maintain an action to enforce that contract. *Id.* An incidental third-party beneficiary, however, has no standing to enforce a contract. *Heyward v. CDM Smith, Inc.*, 2014 WL 4957383, at *2 (E.D. Tenn. Oct. 3, 2014). The

---

[4] The Court need not consider whether NDI is subject to general jurisdiction because it already has found NDI is subject to specific jurisdiction. *See, e.g.*, *VM Servs., Inc. v. Two Men & a Truck, Inc.*, 2008 WL 5137004, at *3 (W.D. Mich. Dec. 5, 2008) ("Because the Court has determined that Plaintiff has made a prima facie showing of specific personal jurisdiction, the Court declines to consider whether general jurisdiction exists.").

Tennessee Court of Appeals explained the difference between intended and incidental beneficiaries as follows:

> The law draws a sharp distinction between an intentional beneficiary (who may maintain an action on the contract) and an incidental beneficiary (who may not). The fact that a party may reap a substantial benefit from the performance of a contract does not, in and of itself, entitle him to the status of an intentional beneficiary. *United American Bank of Memphis v. Gardner,* 706 S.W.2d 639 (Tenn. Ct. App. 1985). Rather, he must show that the contract was entered into, at least in part, for that party's benefit (the "intent to benefit" test) or that one party to the contract assumed a duty that the other party owed to the third-party (the "duty owed" test).

*Smith,* 62 S.W.3d at 185 (internal citations omitted).

Viewing the evidence in the light most favorable to Plaintiff, the Court finds Plaintiff has failed to plead facts showing he is an intended third party beneficiary to the Contract. That Plaintiff worked for UPS and was drug tested by NDI during the scope of his employment with UPS is insufficient to establish Plaintiff was any kind of beneficiary to the Contract, let alone an intended beneficiary. Accordingly, Defendants' Rule 12(b)(6) motions to dismiss for failure to state a claim are **GRANTED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE